UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROF-2013-S3-LEGAL TITLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>TERRASINI UNIT OWNERS ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. 2:16-CV-02800-APG-PAL<br><br>**ORDER TEMPORARILY STAYING CASE** |

This is one of many disputes over the effect of a non-judicial foreclosure sale conducted by the homeowners association ("HOA") after the prior owner failed to pay HOA assessments. On August 12, 2016, a divided Ninth Circuit panel in *Bourne Valley Court Trust v. Wells Fargo Bank* held that Nevada Revised Statutes Chapter 116's HOA nonjudicial foreclosure scheme, as it existed before the statutory scheme was amended in 2015 "facially violated mortgage lenders' constitutional due process rights." No. 15-15233, 2016 WL 4254983, at \*5 (9th Cir. Aug. 12, 2016); *but see id.* at \*6-11 (Wallace, J. dissenting). I disagree with the majority opinion for the reasons I have set out previously. *See Las Vegas Dev. Grp., LLC v. Yfantis*, --- F. Supp. 3d ---, No. 2:15-cv-01127-APG-CWH, 2016 WL 1248693, at \*3-6 (D. Nev. Mar. 24, 2016).[1] In particular, the *Bourne Valley* majority opinion does not address the fact that the Supreme Court of Nevada has already construed this Nevada state statute to require notice to the mortgage lenders. *See SFR Investments Pool 1, LLC v. U.S. Bank, NA.*, 334 P.3d 408, 417-18 (Nev. 2014) (en banc).

---

[1] Other judges in this district have also disagreed with the *Bourne Valley* majority's analysis on both the statute's interpretation and on whether there is state action. *See Morgan Chase Bank v. SFR Investments Pool*, 2:14-cv-02080-RFB-GWF, 2016 WL 4084036, at \*8 (D. Nev. July 28, 2016) (Boulware, J.); *Capital One v. Las Vegas Dev. Group*, No. 2:15-cv-01436-JAD-PAL, 2016 WL 3607160, at 5 (D. Nev. June 30, 2016) (Dorsey, J.); *Bank of Amer. v. Rainbow Bend HOA*, No. 3:15-cv-00291-MMD-WGC, 2016 WL 1298114, at \*3 (D. Nev. Mar. 31, 2016) (Du, J.); *Deutsche Bank v. TBR I, LLC*, No. 3:15-cv-00401-LRH-WGC, 2016 WL 3965195, at \*3 (D. Nev. July 22, 2016) (Hicks, S.J.); *but see U.S. Bank v. NV Eagles, LLC*, No. 2:15-cv-00786-RCJ-PAL, 2015 WL 5210523, at \*6-13 (D. Nev. Sept. 3, 2015) (Jones, S.J.) (holding that the statutory scheme does not satisfy due process).

1  Even the dissenting justices in *SFR* agreed this was the proper interpretation of Nevada's
2  statutory scheme. *See id.* at 422.  Federal courts are not free to reinterpret a state statute once it
3  has been interpreted by that state's highest court. *See Cal. Teachers Ass'n v. State Bd. of Educ.*,
4  271 F.3d 1141, 1146 (9th Cir. 2001) ("[I]t is solely within the province of the state courts to
5  authoritatively construe state legislation.").  Nor does the majority's analysis employ Nevada's
6  rules of statutory construction under which the state's laws are presumptively constitutional and
7  must be given any reasonable construction to avoid declaring the statute unconstitutional. *See*
8  *State v. Castaneda*, 245 P.3d 550, 552 (Nev. 2010) (en banc).  Nevertheless, *Bourne Valley* at the
9  moment is controlling authority for federal district courts in the Ninth Circuit that, if it stands,
10 will significantly impact the hundreds of HOA foreclosure cases pending in this District.

11       The appellant in *Bourne Valley* has recently indicated it will pursue a writ of certiorari
12 from the United States Supreme Court.  To avoid receiving briefs about the *Bourne Valley*
13 opinion's effect before the Ninth Circuit issues the mandate, I agree with the analysis set forth by
14 Judge Dorsey in *U.S. Bank v. Ascente Homeowners Association*, 2:15-cv-00302-JAD-VCF, ECF
15 No. 44 (Aug. 17, 2016), and I *sua sponte* stay all proceedings in this case pending the Ninth
16 Circuit's issuance of the mandate in *Bourne Valley*.

17       A district court has the inherent power to stay cases to control its docket and promote the
18 efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936);
19 *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).
20 When determining whether to stay a case pending the resolution of another case, I must consider
21 (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party
22 may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of
23 the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.
24 *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  I find that a *Landis* stay is
25 appropriate here.

26       The crux of the parties' dispute is whether the HOA foreclosure sale extinguished the
27 deed of trust.  If the HOA sale was void because Chapter 116 is facially unconstitutional, then the
28

parties' dispute is, in large part, resolved or at least simplified.  The *Bourne Valley* opinion, whatever its outcome, thus could be dispositive of this case, or at least of significant issues in the case.  In this district, as the jurisprudence and the parties' arguments in this area evolve, the parties file new motions or move to supplement the pending briefs, burdening our already-busy docket.  *Bourne Valley* no doubt will inspire more motions and supplements.  I have many cases involving HOA foreclosures and many dispositive motions pending.  Most of those cases, and many of the pending motions, raise the due process and state action issues addressed by the *Bourne Valley* majority.  Staying this case pending the mandate in *Bourne Valley* will permit the parties to present arguments and evidence in the context of complete and resolved precedent, and it will allow me to evaluate the claims in light of this legal authority.  Consequently, a stay pending the mandate would simplify the proceedings and promote the efficient use of the parties' and the court's resources.

Resolving the claims or issues in this case before the Ninth Circuit issues the mandate in *Bourne Valley* could impose a hardship on both parties.  A stay will prevent unnecessary or premature briefing on *Bourne Valley*'s impact on this case.

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they intend to file in the future.  But a delay would also result from new briefing that may be necessitated if the Supreme Court grants certiorari.  So a stay pending the *Bourne Valley* mandate will not necessarily lengthen the life of this case.  Any possible damage that a stay may cause is minimal.  The stay pending the mandate may be short and is tied to the Ninth Circuit's issuance of its mandate in *Bourne Valley*, so it is not indefinite.  Once the mandate is issued, either party may move to lift the stay.

////

////

////

////

IT IS THEREFORE ORDERED that this case is administratively **STAYED** until the Ninth Circuit issues the mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, case number 15-15233 (2:13-cv-649-PMP-NJK). Once the mandate issues, any party may move to lift the stay. **Regardless of this stay, the plaintiffs shall timely serve process upon the defendants and file proof of service.**

DATED this 6th day of December, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE